**Carol THOMPSON for Roger THOMPSON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 81 C 3086.

United States District Court, E.D. New York.

March 28, 1983.

Carol Kellermann, Brooklyn, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. (Michael Cavanagh, Asst. U.S. Atty., Brooklyn, N.Y., Annette H. Blum, Regional Atty., Region II, Connie Raffa, Asst. Regional Atty., Dept. of Health and Human Services, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final determination of the defendant denying plaintiff Supplemental Security Income benefits. The Administrative Law Judge (ALJ) found that plaintiff was not under a disability, and the Appeals Council denied review.

The facts are not in substantial dispute. Plaintiff, a child born April 5, 1972, alleges disability as of January 15, 1980 due to a bleeding diathesis of undetermined etiology. The disorder causes him to bleed subcutaneously and to swell in his upper and lower extremities. According to plaintiff's mother, the attacks occurred as often as every two or three months. According to a report of Dr. William Steier dated May 1, 1980, they took place up to that date about every six months.

Because of his condition plaintiff has been unable to engage fully in normal activities for a child of his age. He is required to ride an elevator at school rather than walk the steps and in the past he frequently missed school. The ALJ found that he did attend classes regularly during

his repeat second grade year and during his third grade year, but the record is unclear on this point. *See* Tr. at 36–37, 40–41, 113. According to the school records during a school period commencing September 10, 1979 he was present 66 days and absent 63. In a school period commencing April 10, 1980 he was present 45 days and absent 10. His primary restriction while present at the school is in his physical education program.

Dr. Michael B. Harris reported that plaintiff's condition can be quite incapacitating for a number of weeks. The report of Dr. William Steier of the Brookdale Hospital Medical Center dated May 1, 1980 gives a fair summary of plaintiff's history to that date. According to Dr. Steier, Dr. Harris stated that the prognosis appeared to be good. The bleeding manifestations appear to be limited to the skin and do not cause joint deformities or post-surgical bleeding.

Under 42 U.S.C. § 1382c(a)(3)(A) an individual shall be considered to be "disabled" "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity)."

The regulation in 20 C.F.R. § 416.925 explains the purpose of the listing of impairments. They describe for each of the major body systems "impairments which are considered severe enough to prevent a person from doing any gainful activity." This section of the regulation goes on to state: "Most of the listed impairments are permanent or expected to result in death, or a specific statement of duration is made. For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months."

The regulations in 20 C.F.R. § 416.923 describe how disability for a child under the age of 18 is determined. If the child is not doing any substantial gainful activity and has a medically determinable physical or mental impairment which compares in severity to any impairment which would make an adult disabled the child will be found disabled. The regulation then goes on to state that "this requirement will be met when the impairment(s)—(1) Meets the duration requirement; and (2) Is listed in Appendix 1 of Subpart P of Part 404 of this chapter; or (3) Is determined by us to be medically equal to an impairment listed in Appendix 1 of Subpart P of Part 404 of this chapter." The Listing of Impairments contains two parts. Part B applies only to persons under age 18, and for such persons, it is used first; only if its criteria do not apply will Part A be used.

The ALJ found that plaintiff's impairment did not meet or equal any of the listed ones. Plaintiff urges that his impairment is medically equal to the one listed in Part B of Appendix 1 at § 107.08(A): inherited coagulation disorder with repeated spontaneous or inappropriate bleeding. It would indeed seem that plaintiff undergoes repeated spontaneous or inappropriate bleeding. To come within this listed impairment, however, plaintiff would also have to have an "inherited coagulation disorder" as "documented by appropriate laboratory evidence." Such documentation is absent. Plaintiff's coagulation workups have proved negative.

It is presumably for this reason plaintiff's counsel argues not that the impairment is listed, but that it is equal to a listed one. Counsel asserts that "Roger's symptoms are strikingly similar to those of a coagulation disorder."

■ While the listed impairment in question requires confirmation by laboratory evidence, "equivalence" to that impairment does not. According to regulation, equivalence may be demonstrated not only by laboratory findings but by symptoms and signs as well. 20 C.F.R. § 416.926(a). Symptoms alone may not be enough, 20 C.F.R. § 416.928(a), but in conjunction with clinical diagnostic techniques they may be. *See* C.F.R. § 416.926(b). The record con-

tains numerous clinical observations of swelling and bruising.

The court does not interpret the regulations' requirement of support by clinical diagnostic techniques, or the statute's requirement that the impairment be "medically determinable," as imposing the more stringent condition that the impairment be accurately diagnosed. It is implausible to suppose that Congress would deny benefits to the victim of a genuine disorder just because it is also mysterious.

The Appeals Council remarked that "no systemic abnormality has been medically demonstrated." If by this it was meant that plaintiff's symptoms and signs do not support the existence of an impairment, then the remark is at odds with the medical histories, clinical observations, and attempts at diagnosis found in the record. If the remark meant that no specific diagnosis had been established, then it was based on too demanding an interpretation of the statute.

To say that the lack of laboratory findings or accurate diagnosis does not foreclose equivalence to a listed impairment, though, is not to say that such equivalence was present here. The ALJ did not elaborate on his finding that the impairment did not meet or equal a listed impairment. The only suggestion of its basis is his immediately prior finding that the episodes of subcutaneous bleeding had never lasted for a continuous period of twelve months. As noted above, the duration requirement generally applies to listed impairments.

But it is unfair to say that plaintiff's impairment does not extend beyond his episodes of bleeding. A susceptibility or a tendency toward such episodes is in itself an abnormality. In plaintiff's case such an abnormality has impaired his activities ever since he began to be hospitalized periodically, and this impairment has already lasted more than twelve months. This is not a case, as the government urges, of "[p]eriodic illnesses separated by period of health." Reference to a few sample listed impairments suffices to show that when an impairment is characterized by intermittent crises, it is the condition, and not the crises

themselves, that must meet the duration requirement. *See, e.g.,* 20 C.F.R.App. 1, §§ 11.02, 107.05.

Since the ALJ's determination of nonequivalence is apparently founded on a mistake as to the meaning of the duration requirement, the case is remanded. It is for the ALJ in the first instance to consider plaintiff's signs, symptoms, and laboratory findings, to evaluate the evidence, and to make findings as to whether plaintiff's impairment is equivalent in severity to the one listed in § 107.08(A).

If plaintiff's impairment is found equivalent to a listed one, of course, the inquiry will be over. But if it is not, the defendant will be able to reconsider the question of whether plaintiff could work were he an adult. The ALJ raised that question and answered it in the affirmative. There is controversy as to whether that inquiry is appropriate in children's disability cases. One Circuit Court opinion has held, with one judge dissenting, that children may show disability only when their impairments meet or equal listed ones, but not by showing, as adults may, vocational factors or other "pertinent facts." *Powell v. Schweiker,* 688 F.2d 1357 (11th Cir.1982). But that position has not been urged here. On appeal, the government defends the ALJ's finding that plaintiff could work if he were an adult.

The basis for this finding is not clear. It may be true that between episodes of his bleeding diathesis, plaintiff has the residual functional capacity to perform sedentary work. But his exertional capacity when not hospitalized is not all that is to be considered. Other factors include restrictions on plaintiff's ability to climb stairs and use mass transit. (Tr. 76, 112.) Perhaps the most important is whether a person who undergoes hospitalization with the same frequency and duration as plaintiff is employable. *See, e.g.,* Tr. at 121 (14 days in January-February 1980), 165–170 (7 days in May 1980), 203 (11 days in January 1981), 205–13 (9 days in March 1981). Some ten other hospitalizations are reflected in the record. Moreover, plaintiff may well be

subject to environmental restrictions and other nonexertional impairments, so that his ability to do sedentary work would not necessarily entail ability to do substantial gainful activity. 20 C.F.R. § 916.945(d). The ALJ will be able to weigh these and other relevant factors should he conclude that plaintiff's impairment is not equal to a listed impairment.

Plaintiff's motion is granted, and defendant's is denied. The matter is remanded for a new hearing, in accordance with this memorandum and order, to be held within 120 days. So ordered.