**Marjorie HINCKLEY, on behalf of James J. MARTIN, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**Janice PONTE, on behalf of Kenneth PONTE, Plaintiff, Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellant.**

**Nos. 84–1004, 84–1133.**

United States Court of Appeals, First Circuit.

Argued June 6, 1984.

Decided Aug. 22, 1984.

---

Richard K. Latimer, Falmouth, Mass., with whom Kistin, Babitsky, Latimer, Kalnins & Beitman, Falmouth, Mass., were on brief, for Janice Ponte, o/b/o Kenneth Ponte.

Sandra L. Smales, Pittsburgh, Pa., for Marjorie Hinckley, o/b/o James J. Martin.

Robert J. Triba, Asst. Regional Atty., Dept. of Health and Human Services, Boston, Mass., with whom William F. Weld, U.S. Atty., Gregory C. Flynn, and Jeffrey R. Martin, Asst. U.S. Atty., Boston, Mass., were on brief, for Secretary of Health and Human Services.

Before COFFIN, Circuit Judge, STEWART,* Associate Justice (Retired) and BREYER, Circuit Judge.

COFFIN, Circuit Judge.

This consolidated appeal challenges the Secretary of Health and Human Services' guidelines for determining whether a child under the age of eighteen is disabled. Marjorie Hinckley brought an action on behalf of her son James Martin, who has

---

* Of the Supreme Court of the United States, sitting by designation.

behavioral difficulties, moderate hearing loss, and a suspected seizure disorder that has not been confirmed by testing. The Secretary found that the child's impairments did not meet the disability criteria set forth in the applicable regulations. The district court affirmed, rejecting the claimant's argument that the Secretary's regulation at 20 C.F.R. § 416.923 was invalid.

Janice Ponte sued on behalf of her son Kenneth Ponte, who suffers from juvenile diabetes and learning disabilities. The Secretary found Kenneth not disabled, but the district court reversed, holding that the regulation at 20 C.F.R. § 416.923 *was* invalid because it relied solely on a Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1, to determine whether the child's impairment was disabling.

The claimants in both cases have conceded that they fail to meet the criteria for disability set out in the Secretary's regulations;[1] the sole question raised by this appeal is whether the regulations themselves are valid. We find that the regulations are valid.

The Social Security Act defines "disability" in part as follows:

"An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment *of comparable severity* )." 42 U.S.C. § 1382c(a)(3)(A) (emphasis added).

The Secretary's regulations establish three ways in which an adult claimant can show that he is disabled. If he can show that he has one of the "listed impairments" set out in the regulations, with associated clinical symptoms of a specified degree of severity, then he is presumed to be disabled. 20 C.F.R. §§ 416.920(d), 416.925. He is also presumed to be disabled if he can show that he has the "medical equivalent" of a listed impairment. *Id.* at §§ 416.920(d), 416.926. An adult who is not found to have a "listed impairment" or its medical equivalent may still be considered disabled if "all material facts," including the claimant's age, education, and past work experience as well as his physical and mental capacities, establish that he is not capable of substantial gainful activity. *Id.* at §§ 416.920(f), 416.945.

The claimants argue in this appeal that the Secretary's regulations defining disability in children are more stringent than the regulations defining disability in adults. The regulations provide that a child will be found to be disabled if he

"Has a medically determinable physical or mental impairment(s) which compares in severity to any impairment(s) which would make an adult (a person age 18 or over) disabled. This requirement will be met when the impairment(s)—

(1) Meets the duration requirement; and

(2) Is listed in Appendix 1 of Subpart P of Part 404 of this chapter; or

(3) Is determined by us to be medically equal to an impairment listed in Appendix 1 of Subpart P of Part 404 of this chapter." 20 C.F.R. § 416.923.

The appendix referred to in the regulation sets forth the "listed impairments" for both adults and children. Part A of the appendix lists impairments found in adults; this list may also be applied to children "if the disease processes have a similar effect on adults and younger persons." 20 C.F.R. § 416.925(b)(1). Part B of the appendix contains an additional list of impairments applicable only to children. The Secretary explains this additional list by noting, "Cer-

---

**1.** Although there is some language in appellee Ponte's brief suggesting that she believes Kenneth might be disabled even under the existing regulations, the district court found that she "concedes that there is substantial evidence to support the Secretary's decision ...." Ponte has not seriously challenged this finding on appeal, so we do not reach it here.

tain criteria in Part A do not give appropriate consideration to the particular effects of the disease processes in childhood ...." *Id.* at § 416.925(b)(2).

The claimants contend that the Secretary's regulation at 20 C.F.R. § 416.923 makes it impossible for a child to show that he is disabled unless he proves that he has one of the listed impairments or its medical equivalent. By contrast, an adult who does not have a listed impairment may still be able to prove that he is disabled if he can show that all material facts, including nonmedical factors such as age and education, establish that he can engage in no substantial gainful activity. In the claimants' view, any regulation that applies a more stringent test for disability to children than it applies to adults violates the statutory directive that children be found to be disabled if they have an impairment "of comparable severity" to one that would be considered disabling in an adult.

■ Since children seldom work even if they have no impairment, it would be inappropriate to consider whether a child is able to engage in "substantial gainful activity." The legislative history of the Social Security Amendments of 1972 indicates that Congress did not intend the Secretary to apply a nonmedical "vocational factors" test to children who do not work. In discussing the statutory definition of "disability," the House Ways and Means Committee stated:

"An individual (*other than a child under age 18*), would be found disabled if his impairments are so severe that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." H.R.Rep. No. 92–231, 92d Cong., 2d Sess. 147–48, *reprinted in* 1972 U.S. Code Cong. & Ad.News 4989, 5134 (emphasis added).

After the Secretary's regulation at 20 C.F.R. § 416.923 had been promugated, a staff report to the Senate Finance Committee observed:

"The nonmedical vocational factors were not applied to the children for basically the same reasons they had not been applied to disabled widows in earlier legislation, i.e., that as a group they had not had enough attachment to the labor force to make application of these factors feasible." "The Supplemental Security Income Program," 95th Cong., 1st Sess., at 125 (Comm.Print 1977).

Although the claimants concede that it would be inappropriate to apply a vocational factors test to a child under the age of eighteen, they nevertheless argue that the Secretary should consider nonmedical criteria such as the child's age, education, and functional limitations in determining whether the child is disabled.

■ We begin our inquiry with the well-established propositions that the Secretary has broad power to promulgate regulations to carry out the provisions of the Social Security Act, *see* 42 U.S.C. §§ 405(a), 1383(d)(1), and that the Secretary's regulations must be sustained unless they violate the language or purpose of the Act. *Cf. Mourning v. Family Publications Services, Inc.,* 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973) (noting that "[w]here the empowering provision of a statute states simply that the agency 'make ... such rules and regulations as may be necessary to carry out the provisions of this Act,' we have held that the validity of a regulation promulgated thereunder will be sustained so long as it is 'reasonably related to the purposes of the enabling legislation' "). We can set aside the Secretary's regulation "only if the Secretary exceeded [her] statutory authority or if the regulation is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Batterton v. Francis,* 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977) (quoting 5 U.S.C. §§ 706(2)(A), (C)).

■ The requirement that children be found disabled if they have impairments "of comparable severity" to those that disable adults clearly recognizes that the disabilities of children and adults cannot be

judged by *identical* standards. A particular impairment might affect a child more severely (or less severely) than it affects an adult. Thus, the Secretary's regulation must take into account not only the nature of the impairment, but also its particular effect on the functional capacity of children. The Secretary's regulation addresses this problem in three ways. First, it provides that the listing of adult impairments in Part A of the appendix may be applied to children "if the disease processes have a similar effect on adults and children." 20 C.F.R. § 416.925(b)(1). Second, it acknowledges that the listing in Part A does not "give appropriate consideration to the particular effects of the disease processes in childhood," and it supplies this deficiency by listing additional impairments in Part B, which is applicable only to children. *Id.* at § 416.925(b)(2).[2] Third, it allows for an assessment of a child's mental or physical limitations on an individual basis by providing that a child may be found disabled if his impairment "is determined by [the Secretary] to be medically equal to an impairment listed in [the appendix]." *Id.* at § 416.923. We find that the Secretary's regulations constitute a reasonable interpretation and application of the statutory definition of "disability."

The nonmedical criteria that appellants would have the Secretary apply to children cannot be applied in a vacuum. The "vocational factors" test measures adults against a narrowly-drawn standard: the Secretary considers all material facts (and often enlists the aid of a vocational expert) to determine whether the claimant is able to engage in "substantial gainful activity." Although, as we have already noted, the "substantial gainful activity" standard cannot appropriately be applied to children,

appellants have offered no standard in its stead. They would have the Secretary consider the child's age, education, and functional capacity, but they have not suggested how the Secretary should weigh these discrete factors.

■ In the Ponte case, the district court suggested that "the appropriate inquiry is 'whether plaintiff could work were he an adult.' *Thompson ex rel. Thompson v. Secretary of Health and Human Services,* 559 F.Supp. 548, 551 (E.D.N.Y.1983)." We find no suggestion in the language of the statute, or in its legislative history, that the Secretary is required to engage in this speculative inquiry.[3] A standard that is, perhaps, more workable was suggested by Senator Hathaway, who "opined that the assessment of whether a child's disability was of 'comparable severity' to that of an adult should refer to the impact on his ability to function successfully within age-appropriate expectations in the areas of learning, language, self-help skills, mobility, and social skills." *Powell ex rel. Powell v. Schweiker,* 688 F.2d 1357, 1362 n. 13 (11th Cir.1982) (citing remarks made on the Senate floor and reported in 122 Cong.Rec. 34025, 34026 (Sept. 30, 1976)). Nevertheless, the fact that we are able to devise broader standards for measuring disabilities in children does not permit us to strike down the reasonable standard promulgated by the Secretary pursuant to her statutory authority. We therefore join the Eleventh Circuit in upholding the Secretary's regulation. *See Powell,* 688 F.2d at 1363.

The decision of the district court in *Marjorie Hinckley ex rel. James J. Martin v. Secretary of Health and Human Services* is affirmed. The decision of the district court in *Janice Ponte ex rel. Kenneth*

---

2. Several of the impairments listed in Part B are evaluated in terms of the child's functional capacity. *See, e.g.,* § 101.03C ("[i]nability to perform age-related personal self-care activities involving feeding, dressing, and personal hygiene"); § 112.03 ("marked restriction in the performance of daily age-appropriate activities; constriction of age-appropriate interests; deficiency of age-appropriate self-care skills").

3. In the *Thompson* case cited by the district court, the Administrative Law Judge had raised the question whether the plaintiff could work were he an adult, and had answered it in the affirmative. 559 F.Supp. at 551. The district court noted that "[t]here is controversy as to whether that inquiry is appropriate in children's disability cases." *Id.* The court did not pursue the question because the parties had not placed it in issue. *Id.*

*Ponte v. Secretary of Health and Human Services* is reversed, and the case is remanded with directions to reinstate the decision of the Secretary denying disability benefits to Kenneth Ponte. The parties shall bear their own costs on appeal.